Delores WILSON, Appellant,

v.

GENERAL MORTGAGE COMPANY,
Respondent.

No. 45219.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 24, 1982.

Ann B. Lever, Legal Services of Eastern Missouri, Inc., St. Louis, for appellant.

William J. Raack, Clayton, for respondent.

REINHARD, Presiding Judge.

Plaintiff appeals from the trial court's order sustaining defendant's motion to dismiss both counts of her petition for damages for failure to state a claim upon which relief may be granted. We affirm.

Plaintiff's petition alleges the following: that she and her late husband purchased a home and executed a promissory note secured by a deed of trust on the home in favor of defendant; that the mortgage was insured under the National Housing Act and the regulation adopted pursuant to the Act; that her monthly payments to defendant included an amount to be held in escrow for fire insurance premiums on her home and that from September, 1977, until September, 1978, defendant paid the fire insurance premiums from the escrow account; that on December 22, 1978, defendant notified the Federal Housing Commissioner that the fire insurance on plaintiff's home had been cancelled and that, despite diligent efforts, the defendant had been unable to obtain adequate fire insurance at reasonable rates on plaintiff's home; that on December 22, 1978, the defendant contracted with the Commissioner to continue its efforts to obtain adequate fire insurance at reasonable rates on plaintiff's home; and that on July 4, 1979, plaintiff's home was damaged by fire and was not covered by fire insurance.

Count I of the petition further alleges that, pursuant to the December 22, 1978, contract and the regulation, the defendant had a duty to plaintiff to obtain or attempt to obtain adequate fire insurance on her home and that defendant negligently breached that duty causing plaintiff to suffer a loss. Count II alleges plaintiff was a third-party beneficiary to the December 22, 1978, contract and that defendant breached that contract causing plaintiff to suffer a loss.

Defendant moved to dismiss both counts of the petition on the ground that they did not state a claim upon which relief can be granted. The trial court sustained the motion.

█ In determining whether a petition states a claim upon which relief may be granted, we construe the pleading liberally in the plaintiff's favor. *Hall v. Smith,* 355 S.W.2d 52, 55 (Mo.1962). We accept as true every fact alleged in the petition and we draw every favorable inference that may be reasonably drawn from those facts. *Rook v. Public School Retirement System,* 593 S.W.2d 905, 906 (Mo.App.1980). We determine whether the pleading invokes principles of substantive law which entitle the plaintiff to relief. *Nelson v. Wheeler En-*

terprises, Inc., 593 S.W.2d 646, 647 (Mo.App. 1980). If any combination of facts alleged in the petition would, upon proof, entitle plaintiff to relief, we must reverse the trial court's order dismissing the petition. *White v. Mulvania,* 575 S.W.2d 184, 188 (Mo.banc 1978).

In this case, plaintiff's allegation that she was an intended third-party beneficiary to the contract between the Commissioner and the defendant is crucial to both counts of her petition. In Count II she alleged defendant breached the contract itself, and in Count I she alleged defendant negligently breached the duty it owed her under the contract. She has not attempted to allege facts sufficient to state a claim based on any other theory of law. Plaintiff has not, for example, alleged that defendant breached a contract to which she was a principal party or that defendant breached any duty it owed her apart from the contract in question here. She has not alleged that she did not have notice of the cancellation of the fire insurance on her home or that she relied on defendant's obtaining the insurance for her. Thus, the success of plaintiff's appeal from the court's order of dismissal depends on our accepting as true plaintiff's allegation that she was a third-party beneficiary to whom defendant owed a duty.

■ However, we can not automatically accept as true plaintiff's allegation as to the meaning of the contract. We must examine the contract to determine whether plaintiff was an intended beneficiary. In determining whether plaintiff was a third-party beneficiary to the contract, "the question of intent is paramount .... The intention of parties is to be gleaned from the four corners of the contract...." *Laclede Investment Corp. v. Kaiser,* 596 S.W.2d 36, 41 (Mo.App.1980). If the contract clearly and unambiguously expresses the intent of the parties, it is the duty of the court to state the intended meaning as a matter of law. Only when the contract is ambiguous will the court receive extrinsic evidence re-

garding the intent of the parties. *J. E. Hathman, Inc. v. Sigma Alpha Epsilon Club,* 491 S.W.2d 261, 264 (Mo.banc 1973). A contract is ambiguous if its language is reasonably susceptible to different interpretations. *Grantham v. Rockhurst University,* 563 S.W.2d 147, 150 (Mo.App.1978). Thus, if the contract here clearly expresses the intent of the parties to benefit plaintiff or if it clearly does not express such an intent, we must decide as a matter of law whether plaintiff was an intended third-party beneficiary. If the contract is ambiguous on that issue, it becomes an issue of fact, and we must, for the purposes of reviewing the court's order of dismissal, accept as true plaintiff's allegation that she was a third-party beneficiary to the contract.

■ Third-party beneficiaries to contracts are divided into three types: donee beneficiaries, creditor beneficiaries, and incidental beneficiaries. Donee and creditor beneficiaries have enforceable rights under a contract. Incidental beneficiaries do not. *Hardware Center, Inc. v. Parkedge Corp.,* 618 S.W.2d 689, 693 (Mo.App.1981). A creditor beneficiary is one upon whom the promisee intends to confer the benefit of performance of the contract and thereby discharge an obligation or duty the promisee owes the beneficiary. *Id.;* Restatement of Contracts, § 133(1)(b) (1932). Because plaintiff has alleged no facts indicating the Commissioner owed her a duty or obligation that defendant's performance of the contract would discharge, she has not alleged she was a creditor beneficiary. Therefore, we need only determine if she was a donee beneficiary. A donee beneficiary is one upon whom the promisee intends to confer the benefit of performance of the contract although such performance will not discharge a preexisting duty or obligation to the beneficiary. *Hardware Center, Inc. v. Parkedge Corp.,* 618 S.W.2d at 693; Restatement of Contracts § 133(1)(a) (1932).

■ Only if the contract clearly expresses the parties' intent that plaintiff be the

beneficiary of performance of the contract may we find plaintiff was a donee beneficiary. *Laclede Investment Corp. v. Kaiser,* 596 S.W.2d at 42 (Mo.App.1980). The mere desire to confer a benefit on the plaintiff or to advance her interests is not sufficient. There must be an intent that the defendant assume a direct obligation to the plaintiff. *Stephens v. Great Southern Savings and Loan Association,* 421 S.W.2d 332, 335 (Mo. App.1967).

The defendant and the Commissioner entered into the contract in question pursuant to 24 C.F.R. § 203.379 (1978). That regulation provides that, upon default by the mortgagor, the Commissioner will, if certain conditions are met, accept conveyance of the mortgaged property and pay the mortgagee the full amount of the mortgage insurance proceeds without deducting for fire damage that occurred at a time when the home was not covered by fire insurance. By sending the notice to the Commissioner and executing the contract in question, the defendant fulfilled the conditions set out in the regulation. That contract provides simply that defendant agrees in the future to continue its efforts to obtain at reasonable rates adequate insurance against fire on plaintiff's home. The contract does not mention plaintiff in specific or mortgagors in general.

■ Plaintiff maintains that the defendant's promise to attempt to obtain insurance at "reasonable rates" implicitly indicates an intention of the parties to benefit the plaintiff because it is the plaintiff who pays the insurance premiums. In *Laclede Investment Corporation v. Kaiser,* 596 S.W.2d at 42, we stated:

> Inasmuch as people usually contract and stipulate for themselves and not for third persons, a strong presumption arises that such was their intention, and the implication to overcome that presumption must be so strong as to amount to an express

declaration .... [citations omitted]. In other words, the court may not speculate from the language in the contract that the contracting parties wanted to make the plaintiff a third party beneficiary.

The defendant's promise to attempt to obtain insurance at reasonable rates does not create so strong an implication of the parties' intent to benefit plaintiff as to amount to an express declaration of that intent. In fact, it does not even create an ambiguity regarding the intent of the parties. The contract and regulation make clear that the primary intent of the parties was to benefit the Commissioner by protecting him from any loss due to fire damage to a home upon which there is a federally insured mortgage. The "reasonable rate" language simply limits the efforts the defendant must make to protect the Commissioner and still receive the full proceeds of the mortgage insurance policy.

The contract clearly does not create a duty on the part of defendant toward the plaintiff. Any benefit plaintiff might receive from the contract is merely incidental. We find, as a matter of law, that the plaintiff was not a third-party beneficiary to the contract. Therefore, we find plaintiff's petition does not state a claim upon which relief can be granted.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.