**Robert J. WILLS, Respondent,**

v.

**SBAA MARKETING, INC., Appellant.**

**No. 49310.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 10, 1985.

Robert J. Wills, Jackson, for appellant.

William Syler, Cape Girardeau, for respondent.

CRIST, Judge.

Appeal from a judgment against appellant SBAA Marketing, Inc. (employer) awarding respondent (employee) $1,000 for unpaid vacation pay. We affirm.

On December 16, 1982, employee began working as employer's director of software development. After working one full year, employer's vacation policy entitled employee to take two weeks' vacation time, which "must [have been] taken by December 31st of each year." The parties seemed to agree this provision required employee, who accrued two weeks' vacation on December 16, 1983, to take that vacation in 1984. The policy also stated "[p]ay in lieu of vacation taken will NOT be given." On March 8, 1984, employee resigned effective March 31, 1984, apparently assuming his vacation would start the day after he terminated employment.

Employer voluntarily paid a sum representing vacation pay earned in 1984, but refused to honor employee's post-resignation request for the vacation pay for the vacation earned in 1983, to be taken in 1984. Had the pay been requested prior to resignation, employer admitted it would have been paid. After his demand was rejected, employee filed this action in small claims court. He appealed for a trial de novo from an adverse determination, and was awarded $1,000. Employer appeals, claiming error in the court's use of extrinsic evidence to construe an unambiguous contract, and claiming the decision was contrary to the letter of the contract.

A contract is ambiguous if the language used is susceptible of two or more reasonable and plausible meanings. *Rouggly v. Whitman,* 592 S.W.2d 516, 519 (Mo.App. 1979). Such an ambiguity is patent if it arises on the face of the contract, and latent if it arises from a collateral matter which renders uncertain language which appears clear on its face. *Campbell v. Dixon,* 647 S.W.2d 617, 621 (Mo.App.1983). The contract at issue sets forth several rules concerning vacation, which when read as a whole, [see *Roberts v. Estate of Roberts,* 664 S.W.2d 634, 639 (Mo.App.1984) ], are ambiguous.

■ The contract required (1) a full year of work before any vacation time accrued; (2) accrued vacation time must be taken before the end of the year; (3) those entitled to four weeks vacation could not take all four weeks together, but had to separate them; and (4) no vacation pay in lieu of vacation time. An example of the ambiguity of these rules concerns the time of taking an accrued vacation. Despite the construction of the contract by the parties, a matter only relevant if the contract is ambiguous, [see *Wilson v. General Mortg. Co.,* 638 S.W.2d 821, 823[2] (Mo.App. 1982) ], an equally plausible construction of the contract provisions would require employee to take the vacation accruing on

December 16, 1983, in 1983, and not 1984, as the parties agreed the contract provided. If employee had been entitled to three weeks vacation, as he would be after five years, these provisions would operate to deny him part of the vacation he earned, and deprive him of pay "in lieu thereof." The contract is ambiguous. *See Weltscheff v. Medical Center of Independence*, 604 S.W.2d 796, 800 (Mo.App.1980). The court did not err in utilizing extrinsic evidence to construe the contract. *E.F. Higgins, Inc. v. Kuhlman Die*, 663 S.W.2d 318, 321[3, 4] (Mo.App.1983).

■ The proper construction of the contract under the circumstances here is employee took his vacation following the effective date of his resignation. There is no dispute he earned the pay, and only needed request it to receive it. An interpretation of the contract which conditions the validity of the request on whether it came before or after the formal resignation of the employee, in the circumstances of this case, would cause an unreasonable result. We reject such a construction when a more reasonable result can be created by another plausible construction. *Empire Gas Corp. v. Small's LP Gas Co.*, 637 S.W.2d 239, 247 (Mo.App.1982). Employee, by not taking this vacation for the two weeks prior to the effective date of his resignation, conferred a positive benefit on employer by remaining on the job, allowing employer to replace him and training his successor. Finally, employer, whose interpretation of the contract may be considered as an aid to its construction, *see Higgins, supra*, construed the clause not to apply to such payments made after the resignation of the employee, as it paid a sum representing pay for some untaken vacation time following employee's resignation. Therefore, we affirm the decision of the trial court.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.