David DUVALL, Appellant,

v.

**COORDINATING BOARD FOR HIGHER EDUCATION, Respondent.**

No. WD 48588.

Missouri Court of Appeals,
Western District.

March 29, 1994.

David O. Duvall, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jeffrey K. Elnicki, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, C.J., and LOWENSTEIN and HANNA, JJ.

TURNAGE, Chief Judge.

David Duvall filed a petition seeking a declaratory judgment, and injunctive relief against the Coordinating Board for Higher Education. The court sustained the Board's motion to dismiss. Duvall contends that the petition alleged facts upon which relief could be granted. Reversed and remanded.

Duvall alleged that he is a citizen and taxpayer of the State of Missouri. He alleged that the Board has an established policy, procedure and rule for holding all hearings required by § 173.115, RSMo 1986[1] and § 143.784.3 and § 143.785.1 in Florida. The petition alleged that this rule is void because the Board failed to file a notice of proposed rule-making with the secretary of state and further failed to publish said rule in the Code of State Regulations as required by law. The petition alleged that Missouri public funds are being expended to hold such administrative hearings in the State of Florida.

The petition further alleged that the Board has an established policy, procedure and rule of holding "phone conference hearings" for hearings required by § 173.115. The petition alleged that this rule was illegal and void for the same reasons the rule referred to above was illegal. The petition also alleged that Missouri public funds are being expended to conduct phone conference hearings.

The petition further alleged that the Board has an established policy or rule for holding "paper hearings" for hearings required under § 173.115. It is alleged a paper hearing is held by reviewing the written record only. The petition alleged this rule is illegal on the same grounds as set out above and further alleged that Missouri public funds are being expended to conduct such hearings.

The petition alleged that the Board has an established policy, procedure and rule of incorporating and following federal rules and regulations for the administration of the Missouri student loan program under Chapter 173. The petition alleged that this practice and procedure is a rule and that it is illegal and void upon the same ground as alleged concerning the other rules. The petition alleged that Missouri public funds are being expended to incorporate and follow federal rules and regulations.

On this appeal, Duvall contends that his petition stated a cause of action by alleging that Missouri tax funds were being used to carry out policies, procedures and rules which are alleged to be illegal. The Board contends that Duvall does not have standing to bring this action because there is no justiciable controversy between Duvall and the Board and because Duvall lacks taxpayer standing to bring the action.

Although Duvall's petition made no allegation whatever concerning any student loan obtained by him, the Board has filed a supplemental legal file containing information about a student loan Duvall had obtained and the fact that it was in default. Such file contains an affidavit of an employee of the Board stating that Duvall was in no danger of having any state or federal tax refunds offset to apply to his delinquent student loan.

---

1. All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

The affidavit indicated that before any offset could be applied against Duvall, the procedures to obtain such offset would have to be begun anew and no such procedure had been initiated.

■ The Board first contends there is no justiciable controversy because Duvall's petition seeks declaratory and injunctive relief concerning his student loan when there is no administrative or legal action pending against Duvall to collect his student loan. The difficulty with this contention is that the Board fails to recognize that the petition makes no allegation concerning any student loan obtained by Duvall and seeks no relief concerning his student loan. The petition alleges only the infirmity of certain rules and practices adopted by the Board and the illegal expenditure of tax monies to carry out and implement such practices and procedures.

■ The Board next contends that Duvall has no standing as a taxpayer because his petition fails to allege an increased tax burden. The Board relies on *Brock v. City of St. Louis*, 724 S.W.2d 721 (Mo.App.1987) and *Pace Construction Co. v. Missouri Highway and Transp. Comm'n*, 759 S.W.2d 272 (Mo. App.1988). The Board inexplicably fails to recognize that the test set forth in *Brock* and *Pace* was abandoned in *Eastern Mo. Laborers Dist. Council v. St. Louis County*, 781 S.W.2d 43 (Mo. banc 1989). In *Eastern Mo. Laborers Dist. Council* the court said:

> [T]he test for taxpayer standing to challenge alleged illegal spending of public funds is not the two-part test found in *Brock* and its progeny. Absent fraud or other compelling circumstances, to have standing a taxpayer must be able to demonstrate a direct expenditure of funds generated through taxation, or an increased levy in taxes, or a pecuniary loss attributable to the challenged transaction of a municipality.

781 S.W.2d at 47[3]. The holding in *Eastern Mo. Laborers Dist. Council* was followed in *O'Reilly v. City of Hazelwood*, 850 S.W.2d 96, 98[2, 3] (Mo. banc 1993). In *O'Reilly* the court stated "as taxpayers, appellants merely must show that their taxes went or will go to public funds that have been or will be expended due to the challenged action." *Id.*

Duvall alleged certain rules and procedures of the Board were illegal and taxpayer funds were being expended to comply with such rules and procedures. Under *Eastern Mo. Laborers Dist. Council* and *O'Reilly* Duvall had taxpayer standing to file this action.

■ In reviewing a court's dismissal of a petition, this court determines whether or not the facts pleaded and the inferences to be reasonably drawn therefrom state any ground for relief. The facts pleaded are treated as true and the allegations in the petition are construed liberally and favorably to the plaintiff. "A petition will not be dismissed for failure to state a claim if it asserts any set of facts which, if proved, would entitle the plaintiff to relief." *Sullivan v. Carlisle*, 851 S.W.2d 510, 512[1–3] (Mo. banc 1993). In this case Duvall pleaded that certain rules, policies and procedures of the Board were illegal for stated reasons. If proved, the facts alleged to show that the Board's rules were illegal would entitle Duvall to relief.

The judgment is reversed and this cause is remanded for further proceedings on the petition.

All concur.