OFW CORPORATION, Appellant,

v.

CITY OF COLUMBIA, Missouri, Respondent.

No. WD 49673.

Missouri Court of Appeals, Western District.

Feb. 28, 1995.

Lawrence R. McClure, Marshall, for appellant.

Fred A. Boeckmann, Columbia, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and HANNA, JJ.

HANNA, Judge.

This is an appeal from the order of the circuit court dismissing OFW Corporation's petition for declaratory judgment for lack of standing. On September 25, 1992, the City of Columbia and the Boone County Regional Sewer District entered into a written agreement (Waters Edge Agreement) concerning the treatment of sewage generated in the

Waters Edge, Lakeland Acres, Lakeland Estates and Lakewood Villa subdivisions. (Waters Edge subdivisions) These subdivisions were located in a portion of Boone County which was outside the city limits of Columbia. The Waters Edge agreement provided that the District would maintain a wastewater treatment facility which would serve the Waters Edge subdivisions named in the agreement. The contract also stated that the City operates a regional wastewater treatment plant which is capable of providing wastewater treatment services for those subdivisions and that it is sound environmental and public health policy to eliminate as many small wastewater facilities as possible; that it would be feasible to construct a sewer line to connect the Waters Edge subdivisions to the City's proposed H–21 Hominy Branch trunk sewer and to eliminate the wastewater treatment facility currently serving those developments; that the District shall retain ownership rights in the sewage collection system and the sewer customers in the Waters Edge, Lakeland Acres, Lakewood Estates and Lakewood Villa subdivisions shall remain District customers. The contract also provided that the Sewer District could not extend any sewer lines outside the Waters Edge area without the prior written consent of the City, and the City agreed not to unreasonably withhold consent. The parties also agreed that the City could not extend sewer lines outside the Waters Edge area without the prior consent of the Sewer District.

In May 1993, OFW Corporation requested authorization from the Sewer District to make a sewer connection to the Lakeland Acres sewer system for a proposed subdivision which it sought to develop. The Sewer District requested the City's consent to connect OFW's proposed subdivision to the existing collection sewer line in the Lakewood Acres subdivision. In June 1993, the City refused consent based on OFW's refusal to request a voluntary annexation of its property to the City. In July 1993, OFW Corporation acquired the property immediately west of the Lakeland Acres subdivision which was

outside the city limits of Columbia and within 190 feet of the Sewer District's collection system. Shortly thereafter, the Sewer District renewed its request for a sewer connection. On September 7, 1993, the City adopted a resolution authorizing the extension of sewer services to the OFW property. The authorization was conditioned upon OFW developing the property and its sewer lines to comply with City standards as well as constructing streets, storm sewers and sidewalks in accordance with City specifications and using City water services. OFW objected to this resolution and it was repealed in January 1994. In February 1994, the Sewer District renewed its request for a sewer connection from the OFW property to the sewer line in the Lakewood Acres subdivision. After the City failed to honor this request, OFW filed a petition for a declaratory judgment alleging that the City had acted unreasonably and in violation of the Waters Edge agreement by refusing to authorize the connection of the OFW property to the Lakewood Acres sewer lines. The City filed a motion to dismiss on the grounds that OFW lacked standing to maintain a declaratory judgment action because it was not a party to the Waters Edge agreement. On May 26, 1994, the circuit court sustained the City's motion to dismiss. This appeal followed.

■ For its sole point on appeal, OFW contends that the trial court erred in dismissing its petition for declaratory judgment for lack of standing because OFW was a third-party beneficiary of the Waters Edge agreement.

■ In reviewing an order sustaining a motion to dismiss, this court determines whether the facts pleaded and the inferences to be reasonably drawn therefrom state any ground for relief. *Duvall v. Coordinating Bd. for Higher Educ.*, 873 S.W.2d 856, 858 (Mo.App.1994). We accept the facts pleaded as true and construe the allegations in the petition liberally and favorably to the plaintiff. *Id.* "Only those matters which appear on the face of the petition can be considered in a motion to dismiss for failure to state a

claim." *Geary v. Missouri State Employees' Retirement Sys.*, 878 S.W.2d 918, 921 (Mo. App.1994).

▮ "In determining whether plaintiff was a third-party beneficiary to the contract, 'the question of intent is paramount ... [and] is to be gleaned from the four corners of the contract[.]' " *Wilson v. General Mortgage Co.*, 638 S.W.2d 821, 823 (Mo.App.1982) (*quoting Laclede Inv. Corp. v. Kaiser*, 596 S.W.2d 36, 41 (Mo.App.1980)). There are three types of third-party beneficiaries to a contract: donee beneficiaries, creditor beneficiaries and incidental beneficiaries. *Id.* "A donee beneficiary is one upon whom the promisee intends to confer the benefit of performance of the contract although such performance will not discharge a preexisting duty or obligation to the beneficiary." *Id.* A creditor beneficiary is "one upon whom the promisee intends to confer the benefit of the performance of the contract and thereby discharge an obligation or duty the promisee owes the beneficiary." *Id.* An incidental beneficiary is one "who will be benefited by performance of a promise but who is neither a promisee nor an intended beneficiary." Restatement (Second) of Contracts § 315 cmt. a (1981). Only donee and creditor beneficiaries have enforceable rights under a contract. *Wilson*, 638 S.W.2d at 823.

▮ A third-party beneficiary is one to whom the law gives a right to maintain a cause of action for breach of contract even though the third party is not privy to the contract or its consideration. *Ernst v. Ford Motor Co.*, 813 S.W.2d 910, 922 (Mo.App. 1991). "Although the contract need not name the third party beneficiary, the terms of the contract must directly and clearly express an intent to benefit an identifiable person or class." *Id.* In the absence of such an express declaration, there is a strong presumption that the parties contracted only for themselves and not for the benefit of others. *State ex rel. William Ranni Assocs., Inc. v. Hartenbach*, 742 S.W.2d 134, 141 (Mo. banc 1987). "[I]t must be shown that the benefit to the third party was the cause of the creation of the contract." *Chmieleski v. City Prods. Corp.*, 660 S.W.2d 275, 289 (Mo. App.1983). "Only those third parties for whose primary benefit the contracting parties intended to make the contract may maintain an action." *Ernst*, 813 S.W.2d at 922. This court may not speculate from the language in the contract as to whether the contracting parties intended to make the plaintiff a third-party beneficiary. *Laclede Inv. Corp.*, 596 S.W.2d at 41.

In this case, OFW claims that it is a creditor beneficiary because the Sewer District was obligated to provide sewer services to OFW's property at the time of the agreement. OFW bases this alleged duty, at least in part, on the assertion that any sewage disposal from the development of OFW's property would have been treated by the Sewer District's wastewater treatment facility which had previously served the Waters Edge subdivisions before it was eliminated by the Waters Edge agreement. OFW also asserts that the purpose of the Waters Edge agreement was to eliminate as many small wastewater treatment facilities as possible and to eliminate the wastewater treatment facility then serving the subdivisions. Neither of these assertions were alleged in OFW's petition. The only case cited by OFW in support of its assertion that the District had a duty to provide sewer services to OFW's property is *Mayor, Councilmen and Citizens of the City of Liberty v. Beard*, 613 S.W.2d 642 (Mo.App.1981). The issue before the court in that case, however, was the reasonableness and necessity of annexing certain land and whether municipal services could be provided to the annexed area within a reasonable period of time. *Id.* The case did not address whether a sewer district has a duty to provide sewer services and is, therefore, inapplicable here.

OFW claims that the agreement demonstrated an intent to benefit additional sewer customers such as OFW because it provided for the extension of sewer lines outside the Waters Edge subdivision. OFW does not cite to any particular provision of the contract in the argument portion of its brief to support this assertion. Although the agreement does contain a provision concerning the extension of sewer lines, it is merely a description of the obligations between the City

**880**

and the Sewer District. The provision contains no express declarations that the contracting parties intended for OFW or any specified class to benefit.

OFW also claims that the Sewer District had a statutory duty to provide sewer services to OFW's property pursuant to § 249.777, RSMo 1986. In support of this assertion, OFW cites subsection (9) of the statute, which provides, in pertinent part, that:

> Each district created or reorganized under sections 249.763 to 249.810 shall have all of the powers necessary and convenient so that it may furnish sewage disposal outlets and, in conjunction therewith, to provide for the construction, acquisition, betterment, operation, maintenance and administration of any disposal systems, individual home or business sewage treatment systems ... as the board shall determine to be necessary and expedient.

■ This statute imposes no obligation on the part of the Sewer District to furnish sewer services to any particular resident or group of residents. Section 249.777 simply sets forth the rights and powers of the sewer districts and gives the districts broad discretion in providing sewer services.

The Waters Edge agreement does not mention OFW by name nor does it contain any language which would demonstrate that OFW was an intended third party "for whose primary benefit the contracting parties intended to make the contract." *Ernst,* 813 S.W.2d at 922. There has been no showing that the contract clearly expressed an intent by the City and the Sewer District to create a right in OFW as a third-party beneficiary. Any benefit that OFW might derive from the contract would be merely incidental. Accordingly, we hold that OFW was not an intended third-party beneficiary of the agreement and, as such, had no right to maintain an action for the alleged breach of the agreement.

The judgment is affirmed.

All concur.