In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO
HILLIKER CORPORATION, ) No. ED109549
 )
 Appellant, ) Appeal from the Circuit Court
 ) of St. Louis County
 vs. ) Cause No. 19SL-CC05171
 )
WATSON PROPERTY, LLC, ) Honorable Thomas C. Albus
 )
 Respondent. ) Filed: January 11, 2022

 OPINION

 This case concerns the right of a third party to seek relief under a contract. Plaintiff

Hilliker Corporation (Hilliker), a real estate broker, claims it was a third-party beneficiary of a

commercial real estate contract (the Contract) between Defendant Watson Property, LLC

(Watson) and Star United, LLC (Star United), and is entitled to receive its commission under that

Contract. The trial court granted summary judgment in favor of Watson, and Hilliker appeals.

We reverse the trial court’s entry of summary judgment and remand for further proceedings.

 Facts and Procedural Background

 On August 27, 2019, the parties entered into the Contract, in which Watson Property

agreed to sell to Star United a piece of commercial real estate property located in Webster

Groves, Missouri. The Contract named Hilliker as Star United’s broker in the transaction. Star

United deposited earnest money and Watson’s due diligence period began on August 28, 2019.
 The Contract states that Watson “covenants, represents and warrants to [Star

United]” that, among other things, there are “no recorded or unrecorded contracts

and/or options to which Seller is a party pertaining to or affecting title to or the sale of the

Property” (emphasis added). The Contract requires Watson to pay a broker’s commission of two

percent to Hilliker. Further, the Contract provides that upon Watson’s “failure to close due to

[its] default, [Watson] shall immediately pay in full the commissions or fee due to Broker(s).”

 In the course of conducting due diligence, Hilliker discovered a lease agreement between

Watson and the property’s existing tenant. The lease contained an option granting the tenant a

right of first offer to purchase the property. In a September 26, 2019 email, Hilliker contacted

Watson about the right of first offer. On October 10, 2019, Star United more formally raised the

issue with Watson, raising the prospect of Watson’s “potential breach.” That same day, Watson

responded, acknowledging the tenant purchase agreement but further explaining that it was

unaware of the problem until Hilliker’s inquiry. Watson’s response included a signed contract

with the tenant, executed pursuant to the tenant’s first offer right. Watson stated there was

“absolutely no malice” and that it was “just as surprised as [Star United] upon the right of first

offer being presented.” Watson offered to compensate Star United only for its due diligence costs

in order to terminate the contract. Ultimately, Star United and Watson agreed to terminate the

contract, with Watson paying Star United in an amount of $13,000 and both parties signing a

Termination of Contract agreement (Termination Agreement).1

 Subsequently, Hilliker demanded payment of its commission by Watson. Watson refused

and Hilliker filed suit, claiming it was a third-party beneficiary under the contract. The parties

filed cross-motions for summary judgment. The trial court granted summary judgment in favor

1
 At oral argument, Hilliker indicated that it did not receive any of the $13,000 proceeds.

 2
of Watson and against Hilliker, concluding the Termination Agreement eliminated Watson’s

obligations under the Contract. Hilliker appeals.

 Standard of Review

 The propriety of summary judgment is an issue of law, and this Court’s review of a grant

of summary judgment is essentially de novo. ITT Com. Fin. Corp. v. Mid-Am. Marine Supply

Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). The court “review[s] the record in the light most

favorable to the party against whom judgment was entered.” Id. Summary judgment is proper

only if the moving party establishes there is no genuine issue of material fact and the movant is

entitled to judgment as a matter of law. Id. at 376; see also Rule 74.04(c)(6).2 A genuine issue

exists when the record contains competent materials supporting two plausible, but contradictory,

accounts of the essential facts. ITT Com. Fin. Corp., 854 S.W.2d at 382. A genuine issue is a

dispute that is real, not merely argumentative, imaginary or frivolous. Id. The court accords the

non-movant the benefit of all reasonable inferences from the record. Id. at 376.

 Discussion

 The court considers two primary questions. First, did Hilliker have an enforceable third-

party beneficiary right under the Contract? Second, did the Termination Agreement eliminate

Hilliker’s third-party beneficiary right? Since we conclude that the record raises a material and

genuine factual dispute regarding the second of these questions, we reverse summary judgment.

 Third-Party Beneficiary

 A third-party beneficiary is one who is not privy to a contract but may nonetheless pursue

a cause of action for breach of contract. L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co.,

L.P., 75 S.W.3d 247, 260 (Mo. banc 2002). The rights of a third-party beneficiary depend on the

2
 All references are to Missouri Supreme Court Rules (2021).

 3
terms of the contract itself. Id. The beneficiary does not need to be named in the contract, but the

terms of the agreement must clearly and directly express an intent to benefit an identifiable

person or class. Id. A party claiming rights as a third-party beneficiary has the burden of showing

that provisions in the contract were intended for his direct benefit. Fed. Deposit Ins. Corp. v. G.

III Invs., Ltd., 761 S.W.2d 201, 204 (Mo. App. W.D. 1988). The contract rights are only

enforceable if the promisor assumed a direct obligation to the third-party beneficiary. Id.

 Missouri case law distinguishes “incidental beneficiaries” from two other classes of third-

party beneficiary, the “donee beneficiary” and the “creditor beneficiary.” See OFW Corp. v. City

of Columbia, 893 S.W.2d 876, 879 (Mo. App. W.D. 1995); Stephens v. Great S. Sav. & Loan

Ass’n, 421 S.W.2d 332, 335 (Mo. App. Spr. 1967); Kansas City Hisp. Ass’n Contractors Enter.,

Inc. v. City of Kansas City, 279 S.W.3d 551, 555 (Mo. App. W.D. 2009). “Incidental

beneficiaries” cannot maintain an action to recover under the contract; the other two classes of

third-party beneficiary can. Kansas City Hisp. Ass’n Contractors Enter., 279 S.W.3d at 555. An

“incidental beneficiary” is one who will benefit from the performance of a promise but who is

not an identified promisee or an intended beneficiary. OFW Corp., 893 S.W.2d at 879.3 A

creditor or donee beneficiary, in contrast, is one of the parties to the underlying contract intended

to benefit for the purpose of discharging an obligation of one of the parties (a creditor

beneficiary) or making a gift (a donee beneficiary). See id.; Realty Res., Inc. v. True

Docugraphics, Inc., 312 S.W.3d 393, 398 (Mo. App. E.D. 2010); Fed. Deposit Ins. Corp., 761

S.W.2d at 204.

3
 An example of an incidental contract beneficiary may be found in the Stephens case. Stephens involved a loan
agreement; the proceeds were intended to pay a contractor for road work. The loan agreement fell through and the
contractor sued, claiming to be a third-party beneficiary. This claim was rejected as a matter of law because the
contractor was an incidental beneficiary, and the contract was indistinguishable from “any executory contract
whereby a debtor expects to receive money to pay his creditors.” Stephens, 421 S.W.2d at 336. The Stephens facts
are distinguishable from the current case, where Hilliker was specifically named in the Contract and performed
services directly relating to the Contract transaction.

 4
 The facts here establish Hilliker as a third-party beneficiary. The language of the Contract

expressed an intent to benefit Hilliker, by name, calling for a two percent commission for

Hilliker. More specifically, Hilliker was a creditor beneficiary. The two percent commission was

intended to discharge the obligation to pay Hilliker for performing services as broker. As a

matter of law and based on the summary judgment facts, Hilliker had an enforceable third-party

beneficiary right under the Contract.

 Termination Agreement

 Although we conclude that Hilliker had an enforceable third-party beneficiary right under

the Contract, that does not end the analysis. The remaining question is whether Hilliker’s third-

party rights were eliminated by the Termination Agreement between Watson and Star United.

Watson argues the Termination Agreement modifies or extinguishes all obligations under the

original Contract, including the third-party payment obligation to Hilliker.

 The validity of Watson’s argument turns on the power of contracting parties to amend an

existing contract to modify or eliminate the rights of a third-party beneficiary. This issue was

considered by the court in Lunceford v. Houghtlin, 326 S.W.3d 53, 78 (Mo. App. W.D. 2010).

As recognized in Lunceford, the parties to a contract generally have the right to modify its terms,

including terms creating a third-party beneficiary. Id. There are, however, “limits . . . on when an

intended third-party beneficiary’s rights can be varied.” Id. Lunceford quoted and applied the

RESTATEMENT (SECOND) OF CONTRACTS § 311 (1981), which states in relevant part as follows:

 (1) Discharge or modification of a duty to an intended beneficiary by conduct of the
 promisee or by a subsequent agreement between promisor and promisee is ineffective if a
 term of the promise creating the duty so provides.

 (2) In the absence of such a term, the promisor and promisee retain power to discharge or
 modify the duty by subsequent agreement.

 (3) Such a power terminates when the beneficiary, before he receives notification of the
 discharge or modification, materially changes his position in justifiable reliance on the

 5
 promise or brings suit on it or manifests assent to it at the request of the promisor or
 promisee.

The Contract in this case does not contain language prohibiting Star United and Watson from

discharging or modifying a duty to Hilliker. Applying Lunceford, Paragraphs (1) and (2) of this

section therefore do not apply. Thus, the question is whether the parties’ right to modify the

Contract “terminate[d]” under Paragraph (3) prior to the parties signing the Termination

Agreement.

 Paragraph (3) of RESTATEMENT § 311 contains multiple distinct circumstances where the

power to change a third-party beneficiary’s rights comes to an end. Specifically, the right

terminates when the beneficiary (i) materially changes his position on justifiable reliance on the

promise, (ii) brings suit, or (iii) manifests assent to the contract at the request of one or more of

the contract parties. If any one of these three conditions are met before the beneficiary is notified

of the contract change, the ability to change the third-party beneficiary’s rights terminates.

 Under Lunceford and the RESTATEMENT, determining the applicability of one or more of

these conditions to the Termination Agreement is materially important to the entry of summary

judgment. If one or more of the RESTATEMENT conditions is satisfied, the Termination

Agreement could not discharge or modify the obligation to pay Hilliker the two percent

commission. Yet the record regarding these facts is ambiguous and not fully developed.

Specifically, the record contains evidence indicating that Hilliker did perform services as broker

for Star United. We infer those services were performed in reliance on the commission provision

contained in the Contract. The summary judgment record does not adequately address whether in

 6